IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE M. KOLLER** <br> **Wrightsville, PA 17368** | : <br> : |
| **Plaintiff** | : |
| vs | : Civil Action No.: |
| | : |
| **TYCO ELECTRONICS CORP d/b/a/** <br> **TE CONNECTIVITY** | : <br> : |
| **209 Shellyland Rd. Manheim, PA 17545** | : |
| **Defendant** | : **Jury Trial Demanded** |

## COMPLAINT

AND NOW, TO WIT, comes Bonnie M. Koller (hereinafter "Plaintiff") by and through her undersigned counsel and files the following Complaint:

### PARTIES, JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under and pursuant to this case arises under and pursuant to the Family and Medical Leave Act, 29 U.S.C. §2601 et seq (hereinafter "FMLA"); Americans with Disabilities Act; and the Pennsylvania Human Relations Act as well as common law claims (which claims have been exhausted, see Plaintiff Exhibit A). This Honorable Court also has jurisdiction pursuant to 28 U.S.C. §1367.

2. Venue lies within the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) as the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within this judicial district.

3. Plaintiff brings this action against her former employer, an entity related or affiliated with the employer, and individuals who serve in the capacity of her employer, for claims arising under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq ("FMLA") Americans with Disabilities Act; and the Pennsylvania Human Relations Act all of which relate to Plaintiff's employment and the discharge of Plaintiff's employment effective on or about January 2017.

4. Plaintiff alleges, inter alia, that she was discriminated against and/or retaliated against based on the exercise of her FMLA rights, requests for workplace accommodations, requests for workers compensation benefits, and/or attempt to exercise those rights, that the Defendant unlawfully interfered with, restrained, and/or denied Plaintiff the exercise of FMLA rights or attempt to exercise FMLA rights, or attempts to seek workplace accommodations including but not limited to the discharge of Plaintiff's employment effective on or about January 2017.

5. Plaintiff is an adult female who resides in York Pennsylvania.

6. Plaintiff was formerly employed by TYCO Electronics Corp d/b/a/ TE Connectivity (hereinafter "Defendant").

7. Defendant is an active Pennsylvania Corporation, with their principal place of business located in Lancaster County, PA.

## FACTS

8. Plaintiff commenced employment with Defendant on or about January 29, 1995.

9. Commencing in 1995, Plaintiff was employed by Defendant as a P1 Operator.

10. In or about June 2014, Defendant promoted Complainant to CNC Milling/Makino's Operator.

11. At all relevant times, Plaintiff was qualified to perform the duties associated with her respective position(s) and carried out such duties in a satisfactory manner.

12. On or about January 2015, Plaintiff fell while at work injuring her arm (torn rotator cuff and bicep).

13. Thereafter, Plaintiff requested a reasonable accommodation and FMLA in order to seek medical treatment for her injury.

14. Plaintiff also sought workers compensation benefits and was approved for such.

15. Plaintiff had surgery on her injured arm and was out of work for approximately six (6) weeks.

16. Plaintiff's returned to light duty after this period of surgery and convalescence but still experienced health problems due to the injury.

17. Upon her return, Plaintiff began to experience harassment and retaliation such as the removal of her job responsibilities, poor evaluations, discipline for alleged

wrongdoing, being placed on multiple performance improvement plans, and ultimately being terminated in January 2017.

18. The Defendant is liable under a theory of *Respondeat Superior* for the actions of its agents to discriminate, interfere, and retaliate regarding the Plaintiff rights under the FMLA, ADA and its state counterpart as well as under the Pennsylvania Workers Compensation laws.

## COUNT 1
## FAMILY MEDICAL LEAVE ACT
## FAILURE TO RESTORE AND RETALIATION

19. Plaintiff hereby incorporates by reference all forgoing paragraphs of this Complaint as though fully set forth at length herein.

20. During the course of employment with Defendant, Plaintiff suffered a right shoulder injury that required rotator cuff surgery to repair the injury.

21. Plaintiff's injury was a serious bodily injury requiring continuing treatment by a health care provider.

22. Plaintiff requested and was granted FMLA in order to have surgery on her rotator cuff.

23. Plaintiff's medical condition constitutes a "serious medical condition" as defined under and pursuant to the FMLA.

24. Plaintiff provided verbal and/or written information to Defendant that Plaintiff's future absences were related to her serious medical condition.

4

25. Defendants were provided with sufficient information to reasonably verify that the Plaintiff required treatment by a health care provider for her serious health condition.

26. At all relevant times hereto, Plaintiff had been employed by Defendant for at least 12 months and had been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of being granted FMLA.

27. At all relevant times hereto, Defendant employed 50 or more employees within 75 miles of Plaintiff's worksite for a period of 20 or more calendar work weeks.

28. Accordingly, at all time's material to this Complaint and in particular in 2016, Defendant was a "covered employer" within the meaning of the FMLA.

29. Plaintiff reasonably relied on the representations of the Defendant that Defendant was a "covered employer" within the meaning of the FMLA.

30. At all times material to this Complaint, and in particular in 2015 and 2016, Plaintiff was an "eligible employee" within the meaning of the FMLA.

31. Plaintiff's medical leave of absence were protected absences under and pursuant to the FMLA and regulations promulgated thereunder.

32. FMLA specifically requires that any eligible employee who takes leave under section 2612 shall be entitled, on return from such leave:

> *(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or*
>
> *(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.*
>
> 29 U.S.C.A. § 2614 (West).

33. After taking leave under section 2612 of the FMLA, Plaintiff attempted to be restored to the position she previously held with Defendant.

34. Once gaining partial medical clearance, Plaintiff was eligible to return to work as but limited to restrictions but Defendant ignored these restrictions and planned on placing Plaintiff in situations that would put her at risk to re-injure her shoulder injury by violating her reasonable and temporary work restrictions.

35. Defendants possessed no good faith, legitimate basis for their actions or for the failure to reinstate Plaintiff to her former position or for its efforts to discipline and terminate the Plaintiff.

36. As a result, Defendant willfully and maliciously violated Plaintiff's rights under the FMLA to have her position restored upon her return due to the lawful taking of FMLA for her serious medical condition.

37. Defendants' acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis, thereby rendering Defendants liable for liquidated damages pursuant to the FMLA, and claim is made therefore.

38. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to back pay and wages together with interest thereon pursuant to the FMLA, and claim is made therefore.

39. As a result of Defendants' violations of the FMLA, as more fully described above, Plaintiff is entitled to be reinstated to her position or to front pay and benefits pursuant to the FMLA, and claim is made therefore.

40. Plaintiff is further entitled to recover her attorney fees, expert witness fees, and other costs related to the instant matter pursuant to the FMLA, and claim is made therefore.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in her favor and against the Defendants, jointly and severally, for:

1. Back pay and benefits;
2. Front pay and benefits should reinstatement prove unfeasible;
3. Statutory prejudgment interest;
4. Compensatory damages;
5. Liquidated damages;
6. Reasonable attorney fees and costs; and
7. Any other relief that this Court deems just and equitable.

## COUNT 2
## ADA/PHRA RETALIATION

42. Plaintiff hereby incorporates by reference all forgoing paragraphs of this Complaint as though fully set forth at length herein.

43. The ADA/PHRA prohibits retaliation in the workplace against employees who have, inter alia, sought assistance for disability accommodations in the workplace or to have otherwise opposed practices made unlawful under the law.

44. Plaintiff requests for an accommodation in the workplace constitute "protected activity" pursuant to state and federal law.

45. Defendant retaliated against the Plaintiff on account of her protected activity, including but not limited to:

    a. Failing to properly accommodate her health issues.

    b. Disciplining and wrongfully terminating Plaintiff's employment due to her disability and/or serious medical issues.

    c. Failing to properly investigate Plaintiff's requests for accommodations or of notifying her of her rights under the law.

    d. Falsely accusing Plaintiff of misconduct and/or inappropriate behavior at work in an effort to retaliate against her.

46. Plaintiff therefore avers Defendant's basis for terminating her employment was false and erroneous.

47. As a result of the above, Plaintiff avers that the Defendant retaliated against her on account of her protected activity by disciplining her and wrongfully terminating her from her job and entitling her to all appropriate remedies under the statute.

## COUNT 3: WRONGFUL DISCHARGE
## WORKERS COMPENSATION RETALIATION

48. Plaintiff hereby repeats and repleads all preceding paragraphs of this Complaint and incorporates herein by reference as though fully set forth at length.

49. Plaintiff is entitled to a public policy exception to the at-will Doctrine due to the Defendant's retaliation for her use of or attempt to use Workman's Compensation and subsequent discipline and discharge for doing so.

50. As more fully noted above, the Plaintiff fell in January 2015 injuring her arm and requiring the need for Workman's Compensation benefits.

51. The Plaintiff notified Defendant of her workplace injury and need for benefits.

52. The Plaintiff's physicians' subsequently ordered medical care for her injuries.

53. Plaintiff was subsequently disciplined, harassed, falsely accused, and terminated after returning to work from leave under worker's compensation.

54. The temporal proximity between the time of the accident and workplace discipline and termination evinces at the least an inference that the reason for the discipline and the termination was due to her notification and request for workers compensation.

55. The Defendant wrongfully disciplined and discharged Plaintiff from her employment in retaliation for her attempt to exercise her rights under the Workers' Compensation Act.

56. The Defendant's intent in disciplining and terminating the Plaintiff from her employment was to retaliate for Plaintiff's exercise of her rights under the Workers' Compensation Act, 77 P.S. § 1 et seq., and the discharge is in violation of the public policy of the Commonwealth of Pennsylvania.

**WHEREFORE**, PLAINTIFF requests that this Honorable Court find that the Defendant's Worker's Compensation Retaliation constitutes a public policy exception to the at-will doctrine and award compensatory damages including lost income and benefits, pain, humiliation and suffering, punitive damages, costs, and attorney's fees as determined under law and proven at trial or post-trial.

Respectfully submitted,

DONHAM LAW

By: */s/ Jeremy A. Donham, Esquire*

Jeremy A. Donham, Esquire

Attorney for Plaintiff
Supreme Ct. I.D. #206980
P.O. Box 487, Dellslow, WV 26507
(717) 676-7749
(888) 370-5177 (fax)
E-mail: donhamlaw@comcast.net